583 A.2d 1254

**Larry H. MOSS and Ruth A. Malefyt, Appellees,**

v.

**ELAN MEMORIAL PARK CORPORATION, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 4, 1990.

Decided Dec. 27, 1990.

556

Alice T.K. Corba, Berwick, for appellant.

Robert Spielman, Wilkes–Barre, for appellees (submitted).

Before OLSZEWSKI, DEL SOLE and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from the final decree of the court below ordering Appellant to honor and effectuate the terms and conditions of a conveyance, by corporate deed to Appellees, of one hundred fifty four-grave lots in Elan Memorial Park, a cemetery owned by Appellant. We reverse.

In July 1981, Appellees, Ruth A. Malefyt and Larry H. Moss, mother and son, instituted an action in specific per-

formance against Appellant, Elan Memorial Park Corporation ("Elan"), a business incorporated in Pennsylvania, based on their claim that the then-president of the corporation, Anton J. Malefyt, gave them two cemetery lot deeds in January of 1956. The matter proceeded to trial where Appellees produced the deeds, one made out to Larry H. Moss for fifty four-grave lots, and the other made out to Ruth A. George [1] for one hundred four-grave lots. Appellees testified that they had attempted to select specific lots in 1981, after waiting for the lots to appreciate in value, but Appellant refused to honor the deeds. At the conclusion of the hearing, the trial court granted Appellees' request for relief. Appellant's timely filed motion for post-trial relief was denied, and this appeal followed.

Initially, we note that the scope of appellate review of a decree in equity is particularly limited. A decree will not be disturbed unless it is unsupported by the evidence or demonstrably capricious. *Walton v. Philadelphia Nat. Bank,* 376 Pa.Super. 329, 545 A.2d 1383 (1988); *Lombardo v. DeMarco,* 350 Pa.Super. 490, 504 A.2d 1256 (1985). The test is not whether we would have reached the same result after reviewing the record, but whether the judge's conclusion can be reasonably drawn from the evidence. *Lombardo v. DeMarco, supra.* Where the evidence reasonably supports the conclusions reached by the court sitting in equity, we cannot substitute our judgment for that of the court below. *Id.* Thus, the findings of the chancellor will not be reversed absent an abuse of discretion or an error of law.

Appellant argues that the trial court erred: 1) by using the wrong standard of proof in accepting the two deeds as *prima facie* valid and in concluding that it had not rebutted the presumption of the validity of the documents; 2) in not considering the gifting away of a major portion of the

1. Ruth A. George became Ruth A. Malefyt in August of 1956 when she married Anton J. Malefyt. They divorced two years later.

corporate assets by the president to Appellees as an *ultra vires* act; 3) in not applying the theory of laches to the entire case; 4) in not addressing the fact that there was no evidence to authenticate the signature on both deeds as that of Anton Malefyt; and 5) in not providing for the perpetual care fund for the grave lots.

The trial court held that the presence on the deeds of Elan's corporate seal and the signature of Anton J. Malefyt, then president of the corporation, was *prima facie* evidence of Mr. Malefyt's authority to execute a legal document on behalf of the corporation.[2] *See Prestressed Structures, Inc. v. Bargain City, U.S.A., Inc.*, 413 Pa. 262, 196 A.2d 338 (1964). Although Appellant introduced evidence in an attempt to rebut the *prima facie* validity of the deeds, the court below apparently rejected this evidence and concluded that Mr. Malefyt had both actual and apparent authority to make a valid conveyance of deeds to Appellees. Further, the trial court held that Appellees' reliance upon Mr. Malefyt's representations that he owned the corporation and otherwise had authority to transfer the deeds was reasonable and in good faith. For the reasons set forth below, we disagree with the trial court's conclusions.

A thorough review of the record evinces that Appellant presented sufficient evidence to rebut the *prima facie* validity of the deeds, leading us to conclude that the chancellor abused his discretion. Specifically, Appellant's evidence demonstrated that the secretary of Elan did not sign either of the two deeds in the space provided for the secretary's attestation. The deeds at issue were signed only by the then-president, Mr. Malefyt; however, at the time of the alleged gift, January of 1956, Mrs. Malefyt already had in her possession a deed from Elan, which

2. Appellant argues that the deeds were improperly entered into evidence in the court below for failure to authenticate the signature of Mr. Malefyt. However, Appellant did not make an objection to the admissibility of the deeds based on the foregoing, but rather on hearsay grounds, which was properly overruled, and therefore we find this argument waived.

indicated that the business was a Pennsylvania corporation and which was signed by the president *and* the secretary of Elan, for a four-grave lot which she had purchased prior to 1956. Moreover, at the time when the purported gift was made, Larry Moss questioned Mr. Malefyt, in Mrs. Malefyt's presence, regarding the validity of the deeds in light of the absence of the secretary's signature. Although the law does not require that a corporation be limited to any particular form of execution or endorsement of obligations, *Prestressed Structures, Inc. v. Bargain City, U.S.A., Inc., supra,* the record belies the chancellor's finding that Appellees could reasonably conclude that Mr. Malefyt could make a gift of corporate property *on his own initiative.*[3] Thus, the record is wholly inadequate to sustain the chancellor's conclusion that Appellees' could reasonably believe that Mr. Malefyt had the authority to transfer the deeds, particularly where this action represented the gifting away of a significant portion of the corporation's principal asset.

Appellees maintain that any concern that they had over the lack of the secretary's signature on the deeds was alleviated by Mr. Malefyt's reassurances to them that he was the owner of Elan, that he was authorized to transfer deeds without the secretary's signature, and that he had done so in the past. Appellees, and the court below, suggest that Mr. Malefyt's statements and the transfer of the deeds, with the corporate seal and president's signature, constituted actual and/or apparent authority to make the gift and that their reliance on these acts and representations was reasonable. This conclusion is not only unsupported by the record, as discussed above, but is equally untenable as a matter of law.

First, Pennsylvania courts have repeatedly held that officers of corporations, even to the extent that they are shareholders of the corporation, are not deemed to be the owners of corporate property. *Homestead Borough v.*

---

3. See discussion *infra.*

*Defense Plant Corp.,* 356 Pa. 500, 52 A.2d 581 (1947); *Meitner v. State Real Estate Commission,* 1 Pa.Cmwlth. 426, 275 A.2d 417 (1971). Second, a corporate officer's scope of authority to act on behalf of the corporation is established by the corporation's by-laws, or in their absence, by resolution of the board of directors. *Lokay v. Lehigh Valley Cooperative Farmers, Inc.,* 342 Pa.Super. 89, 492 A.2d 405 (1985). Finally, "apparent authority" arises only when a corporation knowingly permits its agent to exercise or assume a certain power or authority, or represents or holds him out as possessing it. *Jennings v. Pittsburgh Mercantile Company,* 414 Pa. 641, 202 A.2d 51 (1964); *Lokay v. Lehigh Valley Cooperative Farmers, Inc., supra.* Accordingly, "[a]n agent cannot, simply by his own words, invest himself with apparent authority. Such authority emanates from the actions of the principal and not the agent." *Jennings v. Pittsburgh Mercantile Company, supra,* 419 Pa. at 645, 202 A.2d at 54.

At trial, Appellant introduced into evidence its by-laws as well as testimony regarding the minutes of the board of directors meetings prior to and after the time when Mr. Malefyt transferred the deeds. The by-laws do not grant or deny the corporation the right to make gifts; however, generally officers or directors of a corporation cannot give away its assets or property unless authorized by the stockholders. *Sayre Land Company v. Borough of Sayre,* 384 Pa. 534, 121 A.2d 579 (1956). Instantly, Elan's by-laws vest the corporate powers of the corporation in the board of directors and specifically authorize the board of directors to conduct, manage and control the affairs and business of the corporation. With this in mind, we note that the uncontradicted testimony on behalf of the corporation regarding the minutes of the board of directors meetings demonstrated that Elan took no action regarding the gift to Appellees. In fact, the testimony revealed that the board had no knowledge whatsoever of Mr. Malefyt's transfer of the deeds to Appellees.

Additionally, a fair reading of the record in the instant matter indicates that at the time he gave the deeds to Appellees, Mr. Malefyt stated that it was something *he* wanted to do for Appellees because *he* thought they were "nice people." Such a statement does not even begin to suggest that Mr. Malefyt was acting on behalf of the corporation pursuant to actual or apparent authority. Moreover, Appellees testified that they were "shocked" by the gift and believed that it was "very extravagant." In this regard, we note that Mrs. Malefyt testified that she had previously worked as a part-time salesperson for the corporation, and at that time, a four-grave lot sold for $350. Accordingly, the value of the gift Appellees received from Mr. Malefyt was, at the very least, worth $52,500.

Finally, Appellant argued during the course of the trial that Mr. Malefyt's transfer of the deeds to Appellees was contrary to Elan's corporate purposes. It is undisputed that Elan's corporate purposes, as amended in 1950, are:

To acquire, improve, manage, own, and utilize lands for cemetery purpose; to enter into contracts for sale of burial rights and all services connected therewith; to propagate, grow and sell flowers, shrubs and trees & plants; to build, own, manage and operate mausoleums, tombs, columbaria and crypts; to erect, own, manage and operate crematories; to engage in the burial or cremation of human remains and all services reasonably connected therewith; to sell, install and otherwise deal in bronze markers and memorials, burial vaults and grave decorations; and to do any and all things incidental to the accomplishment of any of said purposes.

In sum, review of the record leads us to the conclusion that the chancellor's decision amounted to a clear abuse of discretion which included errors of law. Accordingly, we reverse the final decree entered in the court below.[4]

4. Due to our disposition of the matter, we find it unnecessary to discuss Appellant's remaining issues.

The decree is vacated. The trial court is directed to issue a decree declaring the deeds held by Appellees to be null and void. Jurisdiction relinquished.