668 A.2d 1147

**James Robert RAMSEY**

v.

**Pamela M. TAYLOR and The Milk House, Inc., Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 7, 1995.

Filed Dec. 15, 1995.

---

Thomas P. Rogers, Norristown, for appellants.

Gregory L. Sturn, Warrington, for appellee.

Before ROWLEY, President Judge, and CIRILLO and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from a February 10, 1995 order granting appellee's motion for judgment on the pleadings, directing certain real estate owned by appellant and appellee to be partitioned. Appellant, Pamela Taylor, now raises the following issue for our review:

DOES A COURT COMMIT AN ERROR OF LAW IN GRANTING A MOTION FOR JUDGMENT ON THE PLEADINGS WHEN SUFFICIENT MATERIAL FACTS WERE PLEADED TO SUPPORT DEFENSES TO THE CLAIM AND WHERE THE COURT APPLIED THE STANDARD FOR MOTION FOR SUMMARY JUDGMENT INSTEAD OF THE STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS?

Appellant's Brief at 3. For the following reasons, we vacate the order and remand for continuation of the proceedings.

In 1991, appellant and appellee, James Ramsey, entered into an agreement to form The Milk House, Inc., a retail grocery store corporation. Appellant advanced money to purchase the real estate and inventory for the store, and appellee was expected to contribute his time, know-how, and expertise to the business. Appellant received 51% ownership of the corporation and appellee received 49% ownership. After several months, appellant became dissatisfied with appellee's performance on behalf of the corporation, and caused appellee to be terminated as president, secretary, and employee of the corporation at a special meeting of the board of directors on November 26, 1991.

As a result of his dismissal, appellee filed a six count civil complaint on March 18, 1992, seeking various forms of relief. Thereafter, on December 28, 1994, after both sides had filed amended pleadings, appellee filed a motion for judgment on the pleadings [1] for one of the counts, seeking a partition of

---

1. Pursuant to Pa.R.Civ.P. 1034.

the real estate in question. On February 10, 1995, the trial judge granted appellee's motion and directed the partition. With the remainder of the counts still pending, appellant filed this timely interlocutory appeal.[2]

Appellant now argues that the trial court erred in granting appellee's motion because the trial judge mistakenly treated appellee's motion for judgment on the pleadings as a motion for summary judgment. Moreover, appellant argues that she pleaded material facts sufficient to support defenses to appellee's motion on the pleadings.

Preliminarily, we note that our review of a trial court judgment on the pleadings is plenary, and we are to apply the same standard as employed by the trial court. *McAllister v. Millville Mut. Ins. Co.*, 433 Pa.Super. 330, 334, 640 A.2d 1283, 1285 (1994), *appeal denied*, 539 Pa. 653, 651 A.2d 540 (1994). That standard requires us to ascertain that no genuine issues of fact exist in the pleadings alone and that trial would be a fruitless exercise before we can affirm a judgment on the pleadings. *In re Estate of Blom*, 434 Pa.Super. 111, 117, 642 A.2d 498, 501 (1994), *appeal denied, McCrorie v. Lucas*, 539 Pa. 694, 653 A.2d 1232 (1994). *See Harvey v. Hansen*, 299 Pa.Super. 474, 481 n. 7, 445 A.2d 1228, 1231 n. 7 (1982) (disposition of motion for judgment on pleadings limited exclusively to pleadings themselves). Therefore, even if the trial judge mistakenly believed appellee filed a motion for summary judgment, such mistake is inconsequential, as we are able to apply the trial court standard and review the pleadings for ourselves.

In the instant case, the trial judge could only properly order a partition on the pleadings if he found appellant to have defaulted or admitted to appellee's right to partition. Pa. R.Civ.P. 1557 (partition can only be granted after default, admission, hearing, or trial). Although appellant essentially

---

2. This appeal is properly before us pursuant to Pa.R.A.P. § 311(a)(6), which allows interlocutory appeals as of right from orders directing partition. *See Doppler v. Doppler*, 393 Pa.Super. 600, 605–07, 574 A.2d 1101, 1105 (1990) (trial court order appealable when legal entitlement to one-half interest in realty in dispute).

admitted that she and appellee were listed on the deed for the property as tenants in common, she qualified that admission in her answer by raising equitable defenses to appellee's right to partition the property. Specifically, appellant alleged that she and appellee had agreed that she would retain all rights in the property until she was reimbursed for all monies advanced, and that appellee's failure to perform under this agreement precluded appellee from claiming rights in the property. Defendant's Answers, ¶ 7, ¶ 10(b). We do not find that appellant's answers amount to a "default" or "admission" for purposes of the partition rules of the Rules of Civil Procedure. Pa.R.Civ.P. 1557. *See Cercone v. Cercone*, 254 Pa.Super. 381, 391, 386 A.2d 1, 6 (1978) (court should examine pleadings as a whole to determine whether defendant has admitted material facts of complaint). Moreover, without the benefit of a recorded hearing or trial, we cannot determine whether appellant's equitable defenses have any merit.[3] *See Lombardo v. DeMarco*, 350 Pa.Super. 490, 501 n. 5, 504 A.2d 1256, 1261 n. 5 (1985) (in a partition action, court examined appellant's equitable defenses, and explained that entire record must be examined in deciding whether to grant partition). Thus, because appellant has raised material issues in its answer that cannot be resolved from the pleadings alone, we are constrained to vacate the order for partition at this stage of the proceedings.

Accordingly, we vacate the order of the trial judge and remand for proceedings consistent with this opinion.

Vacated and remanded. Jurisdiction relinquished.

CIRILLO, J., filed a dissenting opinion.

CIRILLO, Judge, dissenting.

As I believe the record clearly reflects that the plaintiff has demonstrated that he is entitled to partition, I must respectfully dissent.

---

**3.** Although the trial judge noted that an oral hearing was held on February 9, 1995 before he issued his order, these proceedings were not recorded and therefore not available for our review.

The law has long been "that no one should be compelled to hold property in common with another," and "the right of partition exists without regard to its difficulties." *Caldwell v. Snyder*, 178 Pa. 420, 422, 35 A. 996 (1896). When conditions have deteriorated between those who are joint owners of real property, either dissatisfied owner, upon showing legal ownership as a tenant in common, as an incident to that co-tenancy, has an "absolute right" to partition. *Lombardo v. DeMarco*, 350 Pa.Super. 490, 499, 504 A.2d 1256, 1260 (1985). The purpose and effect of a partition is "to give each of [the] joint owners the possession he is entitled to of his share in severalty." *Johnson v. Gaul*, 228 Pa. 75, 77 A. 399 (1910).

In the instant case, the parties purchased the property, which is evidenced by a deed dated May 17, 1991, granting to "James Robert Ramsey and Pamela J. Taylor, a one-half interest each." The deed was properly recorded in Bucks County, and the defendant does not dispute its authenticity.

In March 1992, the plaintiff brought an action seeking partition of the real estate, among other claims. The defendant answered, counterclaimed, and filed new matter, and was granted leave to amend her complaint some two years later. In December of 1992, plaintiff filed a motion for judgment on the pleadings regarding the partition. Both parties filed briefs, the court heard oral argument on the motion, and rendered a decision ordering partition. The trial court correctly states the law in its opinion:

> Clearly, plaintiff and defendant, Taylor, are co-tenants, as tenants in common. The appropriate form of tenancy is to be determined by the intention of the parties. The ultimate guide as to that intention is a matter of interpretation of the deed in question. *Riccelli v. Forcinito*, 407 Pa.Super 629, 595 A.2d 1322 (1991). The deed itself recites that it is a conveyance ... "as tenants in common." Accordingly, as tenants in common, the plaintiff is entitled as of right to partition of this property, *Lombardo v. DeMarco, supra.*

Trial Court Opinion, p. 4.

The majority, while agreeing that the defendant *has admitted* that the deed names both parties as equal tenants in

common, finds evidence of an "equitable defense" to the plaintiff's right to partition in her answer. Specifically, these defenses were the claims that there was an agreement by the parties that the defendant would retain all rights in the property until she was reimbursed for all the monies advanced, and that the plaintiff had failed to perform under the agreement.

Neither of these claims, however, attack the validity of the deed. Since the defendant does not allege any fraud, accident, or mistake, "the nature and quantity of the real estate interest conveyed must be ascertained from the deed itself and cannot be shown by parol ... and with respect to unambiguous deeds, a court must ascertain what is the meaning of the words used, not what may have been intended by the parties as shown by parol." *Covert Appeal,* 409 Pa. 290, 295, 186 A.2d 20, 23 (1962).

Here, the deed clearly states that the parties are tenants in common. There is no ambiguity. Hence, no parol evidence concerning what the parties may have intended can be considered. Moreover, the defendant is not prejudiced by the court's decision. Pennsylvania Rule of Civil Procedure 1570 ensures that any charges or credits for monies she advanced will be considered in the partition proceeding.

Meanwhile, the plaintiff has already been forced to wait four years to regain any interest he is entitled to receive from the co-tenancy. By remanding and requiring further hearings on the issue, this court has further forced the plaintiff to suffer his involuntary servitude to joint ownership of this property.

Since the defendant has admitted the only material fact at issue here, namely the existence of the co-tenancy, I would uphold the trial court decision granting partition. *See Cercone v. Cercone,* 254 Pa.Super. 381, 386 A.2d 1 (1978).