**Potts v. Consolidated Rail Corp.**

C.P. of Allegheny County, no. GD98-4502.

*Allen N. Brunwasser,* for plaintiff.
*Craig M. Lee,* for defendants.

WETTICK, *J.,* September 21, 1998—This opinion addresses precomplaint discovery.

Plaintiff commenced this action by filing a praecipe for a writ of summons in civil action. Plaintiff included the following description of her lawsuit in this praecipe:

"This case will involve breach of contract, fraud and deceit in obtaining a release and settlement from plaintiff with no intent to comply in violation of good faith, and in order to have her waive even non-waivable pro-

visions of various legislative benefits, in violation of public policy."

Plaintiff's counsel has submitted a separate set of interrogatories to each of the defendants requesting, inter alia, that the defendant state in narrative form everything that was discussed and by whom at a March 11, 1998 conference call; state all discussions concerning the return of plaintiff to a nonagreement position; state everything said and done by the defendant and others to prevent plaintiff's return; and state why the defendant and others did not return telephone calls made by plaintiff's counsel on March 13 and March 16, 1998.

Defendants have filed a motion for a protective order to prohibit discovery prior to the filing of a complaint. Defendants contend that plaintiff's discovery should be prohibited because plaintiff's discovery requests go beyond the information needed to prepare a complaint and plaintiff has failed to make a showing that any precomplaint discovery is necessary.

Pa.R.C.P. 4001(c), 4007.3, 4011(b), and 4012 govern precomplaint discovery. Rule 4001(c) provides that "[s]ubject to the provisions of this chapter, any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for . . . preparation of pleadings . . . ." Rule 4007.3 permits the court upon motion to issue orders involving the sequence and timing of discovery "for the convenience of parties and witnesses and in the interests of justice." Rule 4011(b) provides that no discovery shall be permitted which "would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party." Rule 4012 provides that "[u]pon motion by a party . . . and for good cause shown, the court may make any order which justice requires to protect a party or

person from unreasonable annoyance, embarrassment, oppression, burden or expense."

I have never issued an opinion addressing the scope of precomplaint discovery. Within the past year on most Fridays, I have received at least one motion for a protective order seeking a court order staying discovery until the pleadings are closed. Usually, the motion is filed by a defendant who contends that a complaint should be filed before either party engages in discovery. The second most common situation involves discovery sought either by a plaintiff or a defendant while preliminary objections are pending. Upon presentation of these motions, I advise counsel that I ordinarily stay discovery until the pleadings are closed unless the party seeking the discovery can show a compelling reason. There are exceptions to this rule where the discovery request is narrow and the production of the information that is sought will not cause annoyance, embarrassment, oppression, burden or expense to the responding party. Consider, for example, a discovery request in which the plaintiff seeks a copy of the plaintiff's written employment agreement with the defendant or a plaintiff's request for his or her medical records to a medical provider.

For several reasons, the interests of justice are furthered by a court order barring discovery for the preparation and trial of the case until the plaintiff's complaint has been filed, the defendant's preliminary objections to the plaintiff's complaint have been resolved, and the defendant has filed an answer to the complaint.[1]

---

1. This opinion addresses general docket cases filed in this court that will not be tried until at least nine months after the case is placed at issue. This opinion does not address discovery in arbitration proceedings that may be scheduled for trial within three to four

First, a defendant should have the opportunity to show that the claims raised in the complaint fail to state a cause of action before responding to discovery involving these claims.

Second, a party should not be required to engage in discovery until the pleadings containing the averments of fact upon which a plaintiff's claims and a defendant's defenses are based have been filed. Pennsylvania has rejected notice pleading; the purpose of the requirement of the Rules of Civil Procedure that the parties plead material facts is to narrow the factual issues. Thus, the discovery rules should be applied in a manner consistent with these pleading rules that are based on the premise that discovery will be narrowed if the contours of the dispute are initially defined through fact pleading.

Third, Pa.R.C.P. 4003.1 permits a party to obtain discovery of matters relevant to the subject matter involved in a pending action. Until a complaint has been filed that meets the specificity requirements of the Pennsylvania Rules of Civil Procedure, a defendant and a court may not be in a position to determine whether the discovery which the plaintiff seeks involves matters relevant to the subject matter involved in the pending action.

Fourth, prior to the filing of the complaint, a plaintiff's counsel will have had the opportunity to discuss the case with the plaintiff and with witnesses favorable to the plaintiff, to review documents in the control of the plaintiff, and to consider the legal issues that will govern the litigation. Counsel for the defendant may

---

months after the filing of the complaint, in landlord-tenant proceedings that may be scheduled for trial within one month of the filing of the complaint, in equity actions that will be promptly resolved, or in any other expedited proceedings.

not have any knowledge of the claim until after the lawsuit is commenced. Consequently, the rules governing discovery should be applied to give a defendant's counsel sufficient time to determine the nature of the dispute before responding to extensive discovery requests.

In most oral arguments involving a defendant's motion to bar discovery until a complaint is filed, I advise the plaintiff's counsel that he or she is already in a position to file a complaint on the basis of the description of the lawsuit that the plaintiff's counsel offers at the oral argument. Frequently, I receive one of the following responses to my statement that the plaintiff should file a complaint. The plaintiff's counsel may state that he or she needs to engage in discovery because possibly the discovery will show that the defendant is not legally responsible for the plaintiff's harm[2] or the plaintiff's counsel may state that the defendant will file preliminary objections seeking greater specificity if the complaint is filed without additional discovery.

My response to the first argument is that it should be the defendant's call. My response to the second argument is that if preliminary objections raising insufficient specificity are sustained, I will permit the discovery that is necessary for the preparation of the amended complaint.

In this case, plaintiff's counsel contends that the restrictions which I impose on precomplaint discovery are inconsistent with rulings of the Pennsylvania appellate courts and opinions involving precomplaint discovery that I have issued. I disagree.

---

2. One attorney representing a defendant responded to this argument by stating that she "no longer believes in the tooth fairy."

The appellate courts have recognized that precomplaint discovery is permitted. *Gallucci v. Phillips & Jacobs Inc.,* 418 Pa. Super. 306, 314, 614 A.2d 284, 288-89 (1992); *Lombardo v. DeMarco,* 350 Pa. Super. 490, 495-96, 504 A.2d 1256, 1258-59 (1985); *Spain v. Vicente,* 315 Pa. Super. 135, 141 n.2, 461 A.2d 833, 836 n.2 (1983); *Gross v. United Engineers and Constructors Inc.,* 224 Pa. Super. 233, 237, 302 A.2d 370, 372 (1973). However, the appellate courts have never discussed the limitations that may be placed on precomplaint discovery because they have never considered a ruling of a trial court that either permitted precomplaint discovery to which a defendant objected or denied a plaintiff's request for precomplaint discovery.

I have considered discovery requests before the pleadings are closed in *Cowell v. Borough of Penn Hills,* 34 D.&C.3d 539 (C.P. Allegheny1982), and in *Pennsylvania Manufacturers Association Insurance Co. v. Indyk,* 7 D.&C.3d 333 (C.P. Allegheny 1978). In *Cowell,* I considered only two issues: whether the rules permit precomplaint discovery and whether the police department's internal investigative files of incidents involving a police officer's alleged improper use of force are protected from discovery under Rule 4011. In that case, the defendants never raised the argument that the discovery was unnecessary for the filing of a complaint.[3] Consequently, my ruling permitting discovery was based on my rejecting the defendants' position that the dis-

---

3. In all likelihood, defendants did not raise the issue that the discovery was unnecessary for the preparation of the pleadings because police officers from as many as six municipalities may have been present at the shopping center where the incident occurred and the plaintiff's counsel sought documents to discover which police officers and police departments were involved in the incident for purposes of preparing a complaint.

covery rules require that a complaint be filed before a plaintiff may obtain any discovery and that Rule 4011 does not protect police department records from a discovery request made by the person injured in the incident.

In *Pennsylvania Manufacturers Association Insurance Co. v. Indyk, supra*, the issue that I addressed was whether a plaintiff may depose a defendant in order to gather facts to amend a complaint which is being challenged by the defendant through preliminary objections. In that case, the defendant, citing *Gross v. United Engineers and Constructors Inc., supra*, argued that the rules permit only discovery that will assist in the preparation of the initial complaint and discovery after the pleadings are completed; the rules do not permit discovery that will aid in the preparation of an amended complaint. I rejected this argument, stating that the rules permit a plaintiff whose complaint is being challenged for failure to plead with sufficient particularity facts upon which the cause of action is based to engage in discovery which will substantially aid in the preparation of an amended complaint. In this opinion, I stated:

"Moreover, we believe that discovery prior to the filing of a complaint should be discouraged because a defendant who is served only with a writ of summons and a notice of deposition cannot effectively prepare for the deposition and has little basis for challenging the relevancy of any question. Thus, we should construe Pa.R.C.P. 4007 to require plaintiff, whenever possible, to file and serve prior to discovery a complaint which sets forth any facts presently known to plaintiff and permit discovery to aid in the preparation of an amended complaint which will include those missing facts for which discovery is necessary. . . . Obviously, we cannot protect defendants in this manner while protecting plain-

tiff's right to engage in discovery to aid in the preparation of the complaint if we accept defendants' construction of Pa.R.C.P. 4007." *Id.* at 337-38. (citation omitted)

The restrictions that I impose on precomplaint discovery are similar to restrictions that trial courts have imposed on precomplaint discovery under the previous Rules of Civil Procedure governing depositions and discovery as well as under the existing rules.[4] Most common pleas court opinions addressing precomplaint discovery require the plaintiff to show that a complaint cannot be drafted without the discovery which the plaintiff seeks. See *Anderson v. PennDOT,* 47 D.&C.3d 429, 431 (C.P. Cumberland 1987), and cases cited therein; 9 Goodrich-Amram 2d §4001(c):4 at 123 (1993) ("In order to be entitled to take a deposition or to obtain discovery as an aid in the preparation of a pleading as authorized by Rule 4001(c), the party must show that the pleading cannot be prepared absent such a deposition.").

In the present case, plaintiff has not met her burden of establishing that the discovery which she seeks is necessary in order to file a complaint setting forth any valid causes of action. For these reasons, I enter the following order of court:

## ORDER

Upon consideration of defendants' motion for a protective order, it is hereby ordered that defendants need not respond to the precomplaint discovery submitted by plaintiff.

---

4. According to the explanatory note—1978 to Rule 4001, the 1978 amendments were not intended to change the permissible purposes of discovery.