J-A14009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DONNA BETESH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AVRAHAM DAMARI | : | |
| | : | |
| Appellant | : | No. 2793 EDA 2024 |

Appeal from the Order Entered September 26, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 240600518

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JULY 29, 2025**

Avraham Damari appeals from the order entered on September 26, 2024, partitioning the property located at 9381-B Neil Road, Unit B, Philadelphia, PA 19115 ("the Property") 100% to Donna Betesh. Damari asserts the trial court erred in failing to find the partition action was barred by the statute of limitations and the doctrine of res judicata, or, alternatively, that the trial court erred in not holding an evidentiary hearing. After careful review, we affirm.

The trial court set forth the relevant factual and procedural history:

Donna Betesh and Avraham Damari were married on July 13, 2004. [Betesh] purchased the Property on July 23, 2004. The deed lists [] Betesh as the sole legal owner.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The parties were divorced on August 13, 2009. The divorce decree did not incorporate or otherwise dispose of the marital property of the parties, including the Property. [] Betesh filed a complaint on June 5, 2024, seeking to partition the Property. On July 1, 2024, [] Damari filed an answer with new matter and a counterclaim. In his answer, [] Damari does not dispute the validity of the deed or that [] Betesh is the sole legal owner of the [P]roperty. Instead, he asserts that he provided the funds to pay the mortgage, real estate taxes and up-keep of the Property since the parties divorced in 2009.

[] Damari further alleges that he purchased [] Betesh's interest in the Property in 2011 in exchange for a payment of $20,000, thereafter assuming full liability for all expenses related to the Property. [] Damari alleges that he has exclusively resided in the Property with his current wife and child since that time. A formal deed was never filed memorializing this oral transaction, and no other evidence was presented to [the trial court] regarding any alleged transaction between [] Betesh and [] Damari. The recorded deed still shows [] Betesh as the sole legal owner of the Property.

[] Damari also filed a counterclaim asserting that [] Betesh is in breach of contract for refusing to transfer legal title to [] Damari or, alternatively, to acknowledge that she is holding legal title in a constructive trust for [] Damari. In her answer to [] Damari's counterclaim, [] Betesh denies that the parties had any agreement to transfer the Property. [] Betesh contends that [] Damari paid her $20,000 for the furniture and personal property that [] Betesh left behind in the Property in 2011 when she moved out. [] Betesh concedes that [] Damari has, since 2011, paid the mortgage and real estate taxes on the Property, but denies that [] Damari paid all expenses on the [P]roperty from 2004 to 2009.

[The trial court] held a [c]ase [m]anagement [c]onference on September 24, 2024. [] Damari failed to appear, either individually or through counsel. [] Betesh appeared through counsel. At that hearing, counsel for [] Betesh acknowledged [] Damari's equitable interest in the [P]roperty, but argued that [] Betesh is the sole legal owner, as reflected on the deed. At the conclusion of the conference, the [trial court] entered an [o]rder, based on the deed, the [c]omplaint, [] Damari's [a]nswer, and [] Damari's lack of appearance, partitioning the [P]roperty 100% to [] Betesh.

Trial Court Opinion, 1/14/25, at 2-3.

Damari timely appealed and complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Damari raises the following three issues for our review:

[1]. Whether the trial court erred as a matter of law by failing to consider whether [Betesh's] claim is barred by the applicable six year statute of limitations pursuant to 42 Pa.C.S.A. § 5527(b)[?]

[2]. Whether the [trial court] erred as a matter of law by failing to consider whether [Betesh's] claim is barred [by] the princip[les] of claim preclusion/res judicata[?]

[3]. Whether the trial court erred as a matter of law by entering a judgment for partition on the pleadings without first holding an evidentiary hearing[?]

Appellant's Brief, at 4 (answers below, suggested answers, italics, and unnecessary capitalization omitted).

All three of Damari's claims challenge the order partitioning the Property, an action in equity. *See Appeal of Kelsey*, 5 A. 447, 449 (Pa. 1886). Our scope and standard of review regarding equitable actions is as follows:

The scope of appellate review of a decree in equity is particularly limited and such a decree will not be disturbed unless it is unsupported by the evidence or demonstrably capricious. The test is not whether we would have reached the same result on the evidence presented, but whether the judge's conclusion can be reasonably drawn from the evidence. Where a reading of the record reasonably can be said to reflect the conclusions reached by the lower court sitting in equity, we cannot substitute our judgment for that of the lower court.

*Lombardo v. DeMarco*, 504 A.2d 1256, 1258 (Pa. Super. 1985) (citations omitted).

In *Kapcsos v. Benshoff*, 194 A.3d 139 (Pa. Super. 2018) (*en banc*), this Court noted partition actions are rarely litigated and an often confusing area of the law. *See Kapcsos*, 194 A.3d at 141. This Court therefore detailed the process for a court to follow during a partition proceeding:

> Pennsylvania Rules of Civil Procedure 1551 – 1574 split a partition action into two, distinct, chronological parts. Rules 1551 – 1557 govern part 1, and Rules 1558 – 1574 govern part 2. Each part, by rule, must produce its own, distinct, appealable order.
>
> The first order, under Pa.R.Civ.P. 1557, directs partition of the parties' legal interests into severalty.
>
> The second order, under Pa.R.Civ.P. 1570, does one of three things. A Rule 1570 order may (1) divide the partitioned property among the parties, (2) force one or more of the parties to sell their interest in the land to one or more of the parties, or (3) sell the land to the general public and distribute the proceeds among the parties.
>
> In Part 1, the court must determine whether the property is partitionable under law. In other words, Part 1 is to ascertain:
>
> > I. Do the parties jointly own the real estate in question?
> >
> > II. If so, what fractional legal interests in the property does each party hold?
>
> The answers to these questions may be admitted in the pleadings, or, if they are not, a hearing or jury trial may be needed. If the trial court answers both questions and finds that the plaintiff has established a right to partition, Rule 1557 dictates:
>
> > the court shall enter an order directing partition which shall set forth the names of all the co-tenants and the nature and extent of their interests in the property.

- 4 -

> No exceptions may be filed to an order directing partition.
>
> Critically, any party may immediately appeal that order under Pennsylvania Rule of Appellate Procedure 311(a)(7) (permitting some interlocutory appeals as of right). After a Part 1 order of partition becomes final (either because no one appeals or an appellate court affirms it), only then may parties proceed to Part 2, where the actual division, award, or sale of the partitioned property occurs.

*Id.* at 141-42 (citation omitted).

We are reviewing Part 1 in this case, as Damari appealed the order directing partition. With this background in mind, we now turn to Damari's arguments.

First, Damari asserts Betesh's action seeking partition of the Property is barred by the six-year statute of limitations pursuant to 42 Pa.C.S.A. § 5527(b). **See** Appellant's Brief, at 14. Damari believes that the statute of limitations clock began ticking when Betesh moved out of the Property in 2011. **See id.** According to Damari, Betesh has no right to request partition of the Property even though she is the only person listed as owner on the deed to the Property.

There is a dearth of case law surrounding the application of the statute of limitations to the institution of partition actions. Damari submits that both part 1 and 2 of a partition action are subject to a six-year statute of limitations because this Court applied the six-year statute of limitations in **Bednar v. Bednar**, 688 A.2d 1200 (Pa. Super 1997), and **Quarello v. Clinger**, 251 A.3d 1223, 544 WDA 2020 (Pa. Super. filed Mar. 10, 2021) (unpublished

- 5 -

memorandum),[1] to actions for contribution in partition suits. *See* Appellant's Brief, at 16-17; *Bednar*, 688 A.2d at 1204 ("[A]ctions for contribution in a partition suit are subject to a six-year statute of limitations.") (citation omitted).

In *Bednar*, the suit seeking partition of a property was filed within months of the plaintiff moving out of the residence and the court only applied the six-year statute of limitations to the defendant's request for a monetary award. *See Bednar*, 688 A.2d at 1202-04. Defendant's argument relied on the fact that he paid the mortgage, which included the property taxes, but because the mortgage was paid off in 1980, more than six years before plaintiff instituted the partition action, this Court agreed that defendant was not entitled to reimbursement, as that claim was barred by the statute of limitations. *See id.* at 1204.

In *Quarello*, plaintiff and defendant purchased a home together. *See Quarello*, 251 A.3d at *1. Initially, the mortgage was in both names. *See id.* However, at some point in their relationship, the mortgage was refinanced and placed in plaintiff's name. *See id.* After their relationship deteriorated, defendant moved out. *See id.* Approximately a year later, defendant wished to move back into the home, without plaintiff. *See id.* Plaintiff agreed to leave and allowed defendant to move back into the home. *See id.* Because the

_____

[1] Pursuant to Pa.R.A.P. 126(b), we may rely on unpublished memorandum issued after May 1, 2019, for their persuasive value.

mortgage was in plaintiff's name, defendant never received the statements and was unable to communicate with the mortgage company. ***See id.*** at *2. Defendant received a foreclosure notice on the home but was still unable to speak with the mortgage company since her name was not on the mortgage. ***See id.*** Defendant filed for bankruptcy in an attempt to save the home from foreclosure. ***See id.*** Bankruptcy proceedings lasted from June, 2007 through March of 2012. ***See id.*** The home was not sold and defendant continued to live in the home. ***See id.*** In December of 2018, plaintiff filed the action seeking partition of the home. ***See id.*** The parties agreed the home was subject to partition and a trial was held regarding whether any monetary award was due to either party. ***See id.*** The trial court found plaintiff barred by the doctrine of laches from seeking a share of the property and monetary award. ***See id.*** at*4. Plaintiff appealed, arguing defendant's requests for recovery were barred by the six-year statute of limitations. ***See id.*** at *5.

This Court held that the trial court did not err in failing to apply the six-year statute of limitations, relying on our Supreme Court's decision in ***United Nat. Ins. Co. v. J.H. France Refractories Co.***, 668 A.2d 120 (Pa. 1995), where our Supreme Court held "equity courts may not rely solely on statutes of limitation in determining if a claim is timely." ***Id.*** (quoting ***United Nat.***, 668 A.2d at 125).

Thus, Damari's argument that the six-year statute of limitations bars Betesh's action seeking partition is meritless. Because "equity courts may not

rely solely on statutes of limitation in determining if a claim is timely . . . the applicable statute of limitations is used only as a frame of reference to evaluate any purported delay in support of a claim of laches." *In re Estate of Moskowitz*, 115 A.3d 372, 329 (Pa. Super. 2015) (citations and footnote omitted). Since Damari has not argued on appeal that laches bars Betesh's action, we will not address the doctrine of laches any further. Damari's first claim fails.

Next, Damari asserts Betesh's action seeking partition was barred under the doctrine of res judicata. *See* Appellant's Brief, at 18. Damari claims Betesh filed two prior actions "founded upon the same factual and legal bases as this matter[.]" *Id.* Both prior actions were withdrawn without prejudice. *See id.* at 20-21.

Before addressing the merits of this claim, we must determine whether it has been preserved for our review. This Court may raise the issue of waiver sua sponte. *See Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007). An issue is waived on appeal if it was not presented first to the trial court. *See* Pa.R.A.P. 302(a). In Damari's answer and new matter, he raised a claim of malicious prosecution and abuse of process wherein he indicated Betesh brought two prior lawsuits against him for allegedly the same legal theories.[2]

_____

[2] We note the elements required for malicious prosecution are: "(1) that a person who participated in the underlying proceedings acted in a grossly negligent manner or without probable cause; (2) that the person acted with
*(Footnote Continued Next Page)*

*See* Defendant's Answer, New Matter and Counterclaim, 7/1/24, at 5-6; *see also* Concise Statement of Matters Complained of on Appeal, 11/5/24, at 3 (asserting the trial court erred in finding the claims were not barred by malicious prosecution and abuse of process). Damari did not raise a claim of res judicata with the trial court. We therefore find this claim waived for failure to present it to the trial court.

Even if we were to find Damari's prior claims of malicious prosecution and abuse of process similar enough to alert the trial court to his claim of res judicata, we would still find this claim waived as neither the trial court, nor this Court, has been provided with copies of the prior lawsuits to determine if the elements of res judicata were met. We note that Damari included the prior lawsuits in his reproduced record, but they are not included in the certified record. This Court has repeatedly held:

> This Court may review and consider only items which have been duly certified in the record on appeal. … [A] document not filed of record does not become part of the certified record by merely making a reproduction and placing that reproduction in the reproduced record.

---

malicious purpose; and (3) that the proceedings were terminated in favor of the defendant in the underlying proceeding." ***Rosen v. Tesoro Petroleum Corp.***, 582 A.2d 27, 29-30 (Pa. Super. 1990) (citations omitted). The elements for abuse of process are: "(1) [the defendant] used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed[,] and (3) harm has been caused to the plaintiff." ***Rosen v. American Bank of Rolla***, 627 A.2d 190, 192 (Pa. Super. 1993) (citation omitted). These elements are significantly different than those required for res judicata, as noted below.

*Rosselli v. Rosselli*, 750 A.2d 355, 359 (Pa. Super. 2000) (citations omitted).

There are four elements to bar a case from proceeding under the theory of res judicata: "(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; [and] (4) identity of the capacity of the parties." *Khalil v. Cole*, 240 A.3d 996, 1002 (Pa. Super. 2020) (citation omitted). Without copies of the prior lawsuits in the certified record we are unable to review whether these elements are met. As these prior lawsuits were not provided to the trial court nor this Court for review, we find this issue waived. *See Keystone Technology Group, Inc. v. Kerr Group, Inc.*, 824 A.2d 1223, 1228 n.6 (Pa. Super. 2003) ("It is axiomatic that an appellate court is limited to considering only those facts which have been duly certified in the record on appeal and, for purposes of appellate review, what is not of record does not exist.") (citation omitted); Pa.R.A.P. 302(a) (if an issue was not presented to the trial court, it is waived on appeal).

In his final issue, Damari asserts the trial court erred in failing to hold an evidentiary hearing before entering the partition order. *See* Appellant's Brief, at 22. Damari admits neither he nor his counsel appeared for the hearing scheduled on September 24, 2024, but asserts this was not an evidentiary hearing and he was entitled to an evidentiary hearing. *See id.* at 22-23.

The only issue facing the trial court at this hearing was Part 1 of the partition proceedings, where the court had to determine:

I. Do the parties jointly own the real estate in question?

II. If so, what fractional legal interests in the property does each party hold?

***Kapcsos***, 194 A.3d at 142.

Here, the trial court determined Betesh had 100% legal interest in the Property and Damari only had an equitable interest in the Property based upon Damari's admission in his answer that Betesh is the legal owner of the Property. ***See*** Trial Court Opinion, 1/14/25, at 5 (citing to Defendant's Answer, New Matter and Counterclaim, 7/1/24, at 2-3). Damari did not assert he had any legal interests in the Property, only equitable. ***See*** Defendant's Answer, New Matter and Counterclaim, 7/1/24, at 2-3.

Furthermore, Damari is not entitled to an evidentiary hearing. Rule 1557 provides: "If the court determines that there shall be partition because of a default or admission **or** after a hearing or trial, the court shall enter an order directing partition[.]" Pa.R.C.P. 1557 (emphasis added). We have held "this rule [] clearly allow[s] the lower court to make an order of partition following *one* of four events: a default, an admission, a hearing, or a trial. Assuming no default or admission, either a hearing *or* trial is appropriate." ***Lombardo v. DeMarco***, 504 A.2d 1256, 1259 (Pa. Super. 1985) (emphasis in original).

Because Damari admitted Betesh is legal owner of the Property and argued he only has an equitable interest, which is to be decided in Part 2, we find no error in the trial court entering an order without an evidentiary hearing. ***See Kapcsos***, 194 A.3d at 142 ("Part 2 is purely an equitable proceeding[.]").

Upon remand, the trial court is to proceed to Part 2 to determine Damari's equitable interest in the Property, as Damari seeks and Betesh admitted. ***See*** Complaint, 6/5/24, at ¶8; Answer, New Matter and Counterclaim, at 2-3.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/29/2025