Daniel I. BERNSTEIN

v.

Mark E. SHERMAN and Frank J. Raffaele, III.

Appeal of: Mark E. Sherman.

Superior Court of Pennsylvania.

Submitted Jan. 31, 2006.

Filed July 5, 2006.

Arthur S. Cavaliere, Philadelphia, for appellant.

Peter J. Leyh, Philadelphia, for appellee.

BEFORE: McCAFFERY, PANELLA, and JOHNSON, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellant, Mark E. Sherman, appeals from the order granting the exceptions of Appellee, Daniel I. Bernstein, to the master's recommendations concerning partition of certain real property owned by the parties. Specifically, Appellant asks us to determine whether the rules governing partition permit rejection of the master's recommendations by one of the parties and insistence on the right to a private sale between the parties. After careful analysis and review of the record, we conclude that rejection of the recommendation and insistence on a private sale are permissible under the rules; hence, we affirm.

¶ 2 The facts and procedural history underlying this matter are as follows. At issue is the partition of eight parcels of real estate in Philadelphia that are owned by Appellant and Appellee as tenants-in-common, with each having a one-half interest. On March 12, 2003, Appellee filed a complaint in equity for partition of the real estate. The trial court granted partition and appointed a master to make findings and recommendations regarding the details of the partition. After conferences with the parties, the master devised a plan whereby each party would receive four parcels, with the party receiving the higher-valued parcels to pay a sum of money to the other party to effect an overall equal partition. Based on the master's evaluations of each property, Appellant's four parcels were valued at $519,500, and Appellee's four parcels at $564,500. The master provided no rationale as to how he determined the value of the properties, nor how he chose the four properties to award to each party.[1]

¶ 3 Appellee filed exceptions to the master's recommendations, asserting his right to a private sale of the properties between the parties. After a hearing, the trial court granted Appellee's exceptions, declined to accept the master's recommendations concerning partition of the properties, and entered an order providing for a private sale of the properties. Appellant timely appealed, and now raises the following single question for our review:

Whether the Lower Court erred in granting Appellee's Exceptions to the Master's Recommendation and Ordering a private auction.

(Appellant's Brief at 1). Specifically, the determinative question raised by Appellant is "[w]hether [Appellee] can refuse the Master's plan of Partition." (*Id.* at 9).

---

1. The conferences with the master were not transcribed, and his written recommendations provide no insight into his reasoning.

Based on a plain reading of the relevant Rules of Civil Procedure which control partition, we conclude that Appellee does have the right to refuse the master's plan of partition.

 ¶ 4 Partition of real property is governed by the Rules of Civil Procedure. *See* Pa.R.C.P. 1551–75. The issue presented in the case *sub judice* is at root a question concerning interpretation of these Rules, and thus is a question of law. Therefore, our standard of review is *de novo. LaRue v. McGuire*, 885 A.2d 549, 553 (Pa.Super.2005). Further, "[p]artition is a possessory action; its purpose and effect being to give to each of a number of joint owners the possession [to which] he is entitled ... of his share in severalty. It is an adversary action and its proceedings are compulsory. The rule is that the right to partition is an incident of a tenancy in common, and an absolute right." *Lombardo v. DeMarco*, 350 Pa.Super. 490, 504 A.2d 1256, 1260 (1985) (quotation and citations omitted).

¶ 5 Our interpretation of the Rules of Civil Procedure must be guided by Rule 127, which provides, in relevant part, as follows:

### *Rule 127.* Construction of Rules. Intent of Supreme Court Controls

(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

(b) Every rule shall be construed, if possible, to give effect to all its provisions. *When the words of a rule are clear and free from all ambiguity, the letter of it is*

*not to be disregarded* under the pretext of pursuing its spirit.

Pa.R.C.P. 127 (cited in *LaRue, supra*) (emphasis added).

¶ 6 The rules for partition relevant to the case *sub judice* are the following:

### Rule 1560. Property Capable of Division without Prejudice

If division can be made without prejudice to or spoiling the whole, the property shall be divided as follows:

(a) into as many purparts [2] as there are parties entitled thereto, the purparts being proportionate in value to the interests of the parties;

(b) if it cannot be divided as provided in Subdivision (a), then into as many purparts as there are parties entitled thereto, without regard to proportionate value;

(c) if it cannot be divided as provided in Subdivisions (a) or (b), then into such number of purparts as shall be most advantageous and convenient without regard to the number of parties.

### Rule 1561. Property Capable of Proportionate Division. Award

Property divided under Rule 1560(a) shall be awarded to the parties according to their respective interests.

### Rule 1562. Property not Capable of Proportionate Division. Award

*Subject to acceptance or refusal and private sale among the parties as hereinafter provided [See Rule 1566],* property not capable of division under Rule 1560(a) but capable of division under Rule 1560(b) or (c), shall be awarded equitably among the parties with appro-

---

**2.** A "purpart" is defined as a "share of an estate formerly held in common; a part in a

division." Black's Law Dictionary 1249 (7th ed.1999).

priate provisions for owelty.[3] Sums payable as owelty shall be secured and paid in such manner and time as the court shall direct.

**Rule 1566. Preliminary Determination. Notice to Accept or Reject. Private Sale Confined to the Parties**

(a) Preliminary notice of the proposed partition and allotment of purparts under Rule 1560(b) or (c) ... shall be given to the parties in such manner as the court by local rule or special order shall direct.

(b)(1) The notice in the case of proposed partition under Rule 1560(b) or (c) shall *require the parties* within twenty days after service thereof *to accept or reject the proposed plan of allocation* ....

\* \* \* \*

(c) *If any party rejects the proposed allotment* of the purparts ..., the property shall be offered for private sale by open bidding confined to the parties to be held upon not less than twenty days' notice.

**Rule 1570. Decision and Order**

(a) The decision shall include findings of fact as follows:

(1) whether the property is capable of division, without prejudice to or spoiling the whole, into purparts proportionate in value to the interests of the co-tenants;

\* \* \* \*

(7) *whether the parties have accepted or rejected the allocation* of the purparts or

bid therefor at private sale confined to the parties;

Pa.R.C.P. 1560–62; 1566; 1570 (emphases added).

¶ 7 In sum, by the plain text of the rules, when the property at issue cannot be apportioned equally between *two* tenants-in-common each of whom has a fifty percent interest, the master has the authority to recommend a property division that is not equal, requiring that the party receiving the more valuable portion pay to the other party an owelty, *i.e.* the amount necessary to effectuate an equal division. However, by Rule 1566(b)(1) and (c), either party has the option to refuse a proposed apportionment of property that has been made pursuant to Rule 1560(b) or (c). The availability of this option is also cited in Rules 1562 and 1570. Given the text of these rules, we conclude that the only possible interpretation is one that confers upon a party the right to reject a Rule 1560(b) or (c) partition plan that has been recommended by the master. Furthermore, if either party rejects the proposed apportionment, the property must be offered at private sale, confined to the parties. Pa.R.C.P. 1566(c).

¶ 8 This interpretive analysis resolves the case *sub judice.* By the text of the Rules, Appellee did indeed have the right to refuse the partition plan recommended by the master and to insist upon a private sale. Contrary to Appellant's assertions, the master's plan did *not* divide the parties' properties into two exactly equal portions, as per Rule 1560(a). As acknowledged by Appellant, the properties

---

**3.** The definition of "owelty" is the following: "1. Equality as achieved by a compensatory sum of money given after an exchange of parcels of land having different values or after an unequal partition of real property. 2. The sum of money so paid." Black's Law Dictionary 1230 (7th ed.1999).

to be given to him were of less total value than those to be given to Appellee. Indeed, the master could *not* have divided the properties into exactly equal portions; the properties were all distinct, separate, mixed residential and commercial use plots, with quite different values. Rather, the master's proposed plan divided the properties into two unequal portions, as per Rule 1560(b), with provisions for an owelty, as per Rule 1562, to equalize the difference in the properties' values. Since the master's proposed apportionment was pursuant to Rule 1560(b), then either party had the right to reject it. When Appellee exercised his right to reject the proposed apportionment, the provisions of Rule 1566(c)-requiring a private sale between the parties-became controlling. We hold that the trial judge followed the requirements of the relevant Rules of Civil Procedure and committed no error of law or abuse of discretion. Accordingly, we affirm the order granting the exceptions.[4]

¶ 9 Order affirmed.

---

[4.] Appellant listed several other sub-issues in his brief, to wit:

> Whether equitable factors are properly considered in devising a plan of partition?
> Whether an agreement can limit a party's right to partition?
> Whether a party who makes valuable improvements to the property is entitled to retain for his own use that property so long as the other party receives fair value?
> Whether it is proper to consider that certain purparts may be more advantageous to one party?

(Appellant's Brief at 9–13).

All of these issues concern what factors the master may consider in devising his recommended plan of partition. We have no way of reviewing what the master did or did not consider, as the conferences between the parties and the master were not transcribed and the master provided no insight as to his rationale in his written recommendation. Furthermore, there is no evidence of record concerning any partition agreement between the parties, any improvements to the properties made by one party, or any property's selective advantage to one or the other of the parties. More importantly, none of these issues is a determining factor in the resolution of this case. As we have discussed *infra*, under the circumstances presented here, where exactly equal division of the properties was not possible, Appellee has the right to refuse the recommended partition scheme, a right that controls the resolution of this case.