J-S48032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| O. HOWARD MUMMAU, RAE W. MUMMAU, GERALDINE M. ZIMMERMAN, AND ELI ZIMMERMAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| JEFFREY D. MOHLER AND CLYMER & MUSSER, P.C. CLAIR S. MUMMAU, INDIVIDUALLY AND IN HIS CAPACITY AS ATTORNEY IN FACT FOR IVA K. MUMMAU, LAWRENCE N. MUMMAU, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF IVA K. MUMMAU, I. BERNICE TAMKIN AND GALEN S. SPICKLER, | |
| Appellees | No. 161 MDA 2014 |

Appeal from the Order December 30, 2013
in the Court of Common Pleas of Lancaster County
Civil Division at No.: CI-06-04412

BEFORE:  DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 09, 2014**

Appellants, O. Howard Mummau, Rae W. Mummau, Geraldine M. Zimmerman, and Eli Zimmerman, appeal from the order of December 30, 2013, sustaining Appellees' preliminary objections and dismissing Appellants' second amended complaint with prejudice.  After careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

We take the following summary from the trial court's opinion of December 30, 2013, supplemented as necessary for our review by the parties' various filings. This is a case for damages with a long and convoluted history, involving a dispute between siblings over the parties' family farm and the estate of Iva K. Mummau. Owen and Iva Mummau, husband and wife, had eight children and owned a broiler chicken farm in Mount Joy Township, Pennsylvania. Each of their children owned a 3.8% interest in the Mummau farm until 1985, when, at Owen's request, six of their children re-conveyed their interests back to Owen and Iva. (*See* Complaint, 12/19/06, at 6 ¶ 26, 7-8 ¶¶ 41-43). The other two siblings, O. Howard Mummau and Geraldine M. Zimmerman, refused to re-convey their interests. (*See id.* at 9-10 ¶ 52).

According to Appellants' complaint, in 1996, O. Howard Mummau, acting as "attorney in fact" for Owen and Iva, began the process of subdividing a portion of the farm zoned for residential use.[1] (*See id.* at 6 ¶¶ 30-32). On February 11, 1997, he received a notice letter terminating his power to act as his parents' attorney in fact. (*See id.* at 16-17 ¶ 95).

In 1997, Owen and Iva's son Clair Mummau, acting as their attorney in fact, executed an agreement between him and his wife and Owen and Iva to

_____

[1] As is evident from the complaint, Appellants' brief and elsewhere in the record, O. Howard Mummau is also an attorney-at-law, who represents himself and the other Appellants in this appeal.

purchase the farm, with advice from attorney Jeffrey D. Mohler of the law firm Clymer and Musser, P.C. (**See id.** at 4 ¶ 13-14). In January 1999, Owen and Iva executed new wills which eliminated a marital bypass trust from their previous wills. (**See id.** at 3 ¶ 17; **see also** Petition to Extend Time in Which to File Complaint, 9/21/06, at 2-3 ¶ 10-11). In his new will, Owen acknowledged Clair's option to purchase the farm but left his entire estate to Iva, whom he appointed executor.

Owen died on March 13, 1999. The subdivision of the residential lots was completed shortly thereafter. On May 23, 2000, Iva executed a codicil to her will, assisted by Clair Mummau as attorney in fact and Jeffrey D. Mohler. On February 22, 2000, Mohler filed a Petition for Partition of Real Properties against Appellants "to bring a resolution to the fractional interests in the farm and lots[ and to] reunit[e] the farm and lots into a single owner[.]" (Second Amended Complaint, 7/14/08, at 31 ¶ 178). The partition action was filed in order to remove O. Howard Mummau and Geraldine Zimmerman as record owners of the farm and residential lots due to their respective 3.8% interests that they did not re-convey back to Owen in 1985. (**See** Complaint, 12/19/06, at 26-27 ¶¶ 159-61). Appellants demanded consideration for their interests in the farm, claiming that the action was a "formalistic cover for the true reason for the litigation which was to achieve the ultimate objective to effect a disinheritance of [Appellants] by Iva Mummau and the acquisition of the farm by Clair at a price he had set without a challenge by [Appellants]." (Second Amended

Complaint, 7/14/08, at 31 ¶ 179). Appellants did not attend a settlement conference scheduled in February 2004. (**See** Complaint, 12/19/06, at 37 ¶ 167(z)).

Eventually, Mohler, as representative for Iva K. Mummau, Clair Mummau, family friend Galen Spickler, O. Howard Mummau, and Geraldine Zimmerman concluded a settlement which disposed of Appellants' interests in the farm and residential lots, and provided that Clair would buy the farm for $402,000.00, thus settling their respective interests in the lots and the farm. (**See id.** at 38-39 ¶ 168(j)). As a result, the partition action was withdrawn, and in 2004, the farm was conveyed to Clair and Jean Mummau, and then to their son, Kevin and his wife Stacey. (**See id.** at 39 ¶ 168(o)). Appellants claim the sale price was well below fair market value. (**See id.** at 38-39 ¶ 168(j)).

Iva died on August 8, 2006. (**See id.** at 3 ¶ 7). Her sons Lawrence Mummau and Clair Mummau were appointed executors of the estate. (**See id.**). Appellants filed a caveat challenging the validity of Iva's will and codicil on September 16, 2006. (**See** Petition to Extend Time in Which to File Complaint, 9/21/06, at Exhibit I).

While Iva's will and the codicil were in probate, Appellants continued to litigate this action. Eventually, on May 29, 2010, all eight children and six grandchildren of Owen and Iva entered into a settlement agreement which resolved all the objections and caveats raised by Appellants in their challenges to Iva's (and through her will and codicil) Owen's estates. (**See**

*In re Estate of Iva K. Mummau*, No. 1382 MDA 2013, unpublished memorandum at Exhibit B, page 7 (Pa. Super. filed May 12, 2014)). The settlement included a tortfeasor release and provided that Owen and Iva's estates did not include the farm. (*See id.* at *2).

Simultaneously to the orphans' court proceedings, Appellants filed a writ of summons in the instant case on May 4, 2006. (*See* Trial Ct. Op., 12/30/13, at 1). As stated by Appellant O. Howard Mummau:

> The gravamen of this case arises from . . . an underlying action, (an action to partition in real estate) in the Orphans' Court brought by [Appellees Jeffrey D. Mohler and Clymer & Musser, P.C.] as counsel in the name of Iva [K]. Mummau, but initiated by Clair Mummau as her attorney in fact, against [Appellants] in connection with the purported settlement of the estate [of] Owen E. Mummau, Deceased, who was the father of [Appellant], O. Howard Mummau.

(Petition to Extend Time in Which to File Complaint, 9/21/06, at 2 ¶ 6).

Appellants' complaint claimed wrongful use of civil proceedings, malicious use of process, abuse of process, tortious interference with contractual relations, intentional infliction of emotional distress by outrageous conduct, and unjust enrichment/constructive trust, and requested compensatory and punitive damages. (*See generally* Complaint, 12/19/06). Appellees filed preliminary objections. On January 26, 2007, Appellants filed a "First Amended Complaint" which added a claim for "negligent/intentional infliction of emotional distress by outrageous conduct[.]" (First Amended Complaint, 1/26/07, at 6). Appellees filed another set of preliminary objections, and on June 25, 2008, the trial court

dismissed with prejudice the intentional infliction of emotional distress count in the amended complaint, granting Appellants leave to amend this claim within twenty days. (*See* Order, 6/25/08, at unnumbered pages 1-3). On July 14, 2008, Appellants filed a second amended complaint claiming fraud, Appellees filed preliminary objections, and Appellants responded with preliminary objections of their own. (*See* Second Amended Complaint, 7/14/08, at 35). Appellants then filed a motion to discontinue against all defendants except Jeffery Mohler and Clymer & Mussler, PC, which the court denied on November 4, 2009. (*See* Order, 11/04/09). Eventually, on December 30, 2013, the trial court denied Appellants' preliminary objections and sustained those of Appellees, dismissing the complaint. (*See* Order, 12/30/13). Appellants timely appealed.[2]

Appellants raise three questions for our review:

> I. Did the court err in dismissing [Appellants]' first and second amended complaints when it granted, then revoked, [Appellants]' extension of time to file a complaint where damages to be claimed are dependent upon an underlying case now on appeal to this Court, where it made no finding in disposing of preliminary objections that [Appellants] failed to state a cause or causes of action, and failed to dispose of preliminary objections for more than five years, without explanation, claiming that [Appellants] were required to appeal interlocutory orders within thirty days of entry?

_____

[2] Pursuant to the trial court's order, Appellants filed a Rule 1925(b) statement on February 18, 2014. The trial court entered a Rule 1925(a) opinion on April 2, 2014. *See* Pa.R.A.P 1925.

- 6 -

II.    Did [the] court err in denying [Appellants]' petition to discontinue their action against all defendants named except Jeffrey D. Mohler and Clymer & Mussler, P.C., in 2009 where the defendants whose discontinuance was requested were [Appellants]' family members and the court's basis for dismissal of the action in its final order, *inter alia*, was its claim that the case was a family dispute which it could not understand?

III.    Should the trial court's dismissal of [Appellants]' action be reversed where it engaged in a pattern of procedural manipulation in conjunction with the underlying orphans' court case (on appeal in the Superior Court) including, *inter alia*, an *ex parte* conference with the orphans' court judge and counsel for defendants Mohler and Clymer & Musser, P.C. prior to disposition of preliminary objections, denial of discovery requested by [Appellants], denial of [Appellants]' petition to discontinue action as to defendants other than Mohler and Clymer & Mussler, P.C., while failing to dispose of preliminary objections for more than five years without explanation in violation of the judicial code?

(Appellants' Brief, at 4-5).

In their first issue, Appellants argue, *inter alia*, that the trial court erred in granting Appellees' preliminary objections to each claim raised in their complaints.  (**See** Appellants' Brief, at 17-51).  However, Appellants fail to develop with citation to the record or relevant authority their assertion that the trial court erred in revoking their extension of time to file their initial complaint.   (**See** Appellants' Brief, at 12-15, 17); **see also** Pa.R.A.P. 2119(a)-(c).  Therefore, to the extent that we can discern the first issue as a challenge to the grant of Appellees' preliminary objections, we will review Appellants' claims.

Our standard of review is as follows:

When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible

- 7 -

therefrom. Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. Moreover, we review the trial court's decision for an abuse of discretion or an error of law.

Further, this Court has noted the following with regard to review of a trial court's decision to sustain preliminary objections.

In assessing the propriety of the trial court's decision to sustain preliminary objections, we examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

**Burgoyne v. Pinecrest Cmty. Ass'n**, 924 A.2d 675, 679-80 (Pa. Super.

2007) (citations omitted).

This Court, during review of an order granting a demurrer, may not supply a fact missing in the complaint. We are also precluded from considering any conclusions of law or inferences which are not supported by the factual allegations contained in the complaint. This includes argumentative allegations or expressions of opinion. And while it is true that allegations of malice, intent and other conditions of the mind may be pled generally, *see* Pa.R.C.P. 1019(b), such characterizations of conduct, without supporting factual allegations, are insufficient.

**Hart v. O'Malley**, 647 A.2d 542, 552-53 (Pa. Super. 1994), *affirmed*, 676

A.2d 222 (Pa. 1996) (citations omitted).

First, Appellants assert that the court erred in dismissing their claims for wrongful use of civil proceedings and malicious use of process regarding the partition action because they "specifically aver that there was no 'settlement' of the underlying litigation" and that, contrary to the trial court's determination, the withdrawal of the partition action "**was** a termination favorable to [Appellants]." (Appellants' Brief, at 18, 22 (emphasis in original); *see id.* at 17-40). We disagree.

"Wrongful use of civil proceedings is a tort which arises when a party institutes a lawsuit with malicious motive and lacking probable cause." *Mi-Lor, Inc. v. DiPentino*, 654 A.2d 1156, 1157 (Pa. Super. 1995) (citation omitted).

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a).

The burden of proof is prescribed by 42 Pa.C.S.A. § 8354 as follows:

> In an action brought pursuant to this subchapter the plaintiff has the burden of proving, when the issue is properly raised, that:
>
> (1) The defendant has procured, initiated or continued the civil proceedings against him.

(2) The proceedings were terminated in his favor.

(3) The defendant did not have probable cause for his action.

(4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

(5) The plaintiff has suffered damages as set forth in section 8353 (relating to damages).

42 Pa.C.S.A. § 8354.

Here, Appellants contend that the partition action was a wrongful use of civil proceedings against them. It is well-settled that: "The purpose and effect of a partition is to give each of [the] joint owners the possession he is entitled to of his share in severalty." *Ramsey v. Taylor*, 668 A.2d 1147, 1150 (Pa. Super. 1995) (citation and internal quotation marks omitted). "The rule is that the right to partition is an incident of a tenancy in common, and an absolute right." *Bernstein v. Sherman*, 902 A.2d 1276, 1278 (Pa. Super. 2006) (citations and internal quotation marks omitted).

In the instant case, Appellants argue that they stated a *prima facie* claim for wrongful use of civil proceedings because "the real motivation for the partition action was Clair's pursuit to obtain Iva's farm" and Appellees' partition action ended in withdrawal, constituting termination in favor of Appellants. (Appellant's Brief, at 19). However, Appellants readily concede that they retained two 3.8% interests in the farm, and that the litigation was commenced in order "to bring a resolution to the fractional interests in the farm and lots[ and to] reunit[e] the farm and lots into a single owner[.]"

(Second Amended Complaint, 7/14/08, at 31 ¶ 178). Thus, Appellees had a right to partition, and probable cause to bring the partition action. *See Bernstein*, *supra* at 1278. Because Appellees had probable cause, Appellants cannot state a claim for wrongful use of civil proceedings. *See* 42 Pa.C.S.A. § 8354(3); *Mi-Lor, Inc.*, *supra* at 1157. Accordingly, the trial court did not err in dismissing this claim.

Similarly, Appellants' claim for malicious use of process does not merit relief. "In an action for malicious prosecution, the plaintiff must prove that the defendant instituted proceedings without probable cause, with malice, and that the proceedings were terminated in favor of the plaintiff." *De Salle v. Penn Cent. Transp. Co.*, 398 A.2d 680, 682 (Pa. Super. 1979) (citation and footnote omitted). As previously discussed, Appellees did not lack probable cause to bring the partition action, and thus Appellants could not recover on this claim. *See Burgoyne*, *supra* at 679-80. Thus, the court did not err in dismissing this claim.

Next, Appellants assert that the court erroneously dismissed their claim for abuse of process because they "allege a variety of actions on the part of [Appellees] whose purposes were not the legitimate object of a partition action." (Appellants' Brief, at 38). We disagree.

> Abuse of civil process is concerned with the perversion of a process after it is issued. The Restatement (Second) of Torts § 682 defines the tort "abuse of process" as the use of legal process against another primarily to accomplish a purpose for which it is not designed. To establish a claim for abuse of process, it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a

- 11 -

purpose for which the process was not designed, and (3) harm has been caused to the plaintiff. The word "process" as used in the tort of abuse of process has been interpreted broadly and encompasses the entire range of procedures incident to the litigation process.

\* \* \*

. . . [A]n essential element of the tort of abuse of process[ is] that the process was used primarily for a purpose for which the process was not designed. It is not enough that the process employed was used with a collateral purpose in mind.

A cause of action for abuse of process requires some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process . . .[;] **there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions**.

*Hart*, *supra* at 551-52 (citations and quotation marks omitted; emphasis in original).

As previously discussed, Appellees initiated the partition action in order to resolve Appellants' "fractional" interests in the farm. Thus, the general allegation that Appellees had other, "real objectives" is insufficient to state a claim for abuse of process. (Appellant's Brief, at 38). Appellants' only actual, specific assertion of use of the litigation process against them is their undeveloped claim that "[Appellee] Mohler's signature to the Petition for Partition was a bad faith violation of Pa.R.C.P. 1023(b)." (*Id.*). Rule 1023 was rescinded April 22, 2002, effective July 1, 2002, and thus we are unable to discern what Appellants intend in arguing bad faith on this basis. *See* Pa.R.C.P. 1023; Pa.R.A.P. 2119(a)-(b). This claim does not merit relief.

Next, Appellants contend that they stated a cause of action in fraud because "Iva Mummau was subject to conduct of [Appellees] which fraudulently and unduly by said fraud induced her to become engaged in litigation against [Appellants] and to change her testamentary instruments in pursuance of Clair's illegal objectives regarding Iva's farm." (Appellants' Brief, at 40). We disagree.

To state a claim for fraud, Appellants must show:

(1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance.

**Weston v. Northampton Pers. Care, Inc.**, 62 A.3d 947, 960 (Pa. Super. 2013), *appeal denied*, 79 A.3d 1099 (Pa. 2013). "Averments of fraud or mistake shall be averred with particularity." Pa.R.C.P. 1019(b).

"For a *prima facie* case of fraud, the **recipient** of the misrepresentation must be the one to reasonably rely upon the misrepresentation and to be damaged as a proximate cause of that reliance." **Joyce v. Erie Ins. Exch./Erie Ins. Co.**, 74 A.3d 157, 167 (Pa. Super. 2013) (citation omitted; emphasis in original). Here, Appellants aver that Iva Mummau was the recipient of Appellees' alleged fraud and that Appellants were damaged as a result. (**See** Appellants' Brief, at 40-41). Appellants fail to state a claim for fraud where their complaint "does not allege that the recipient of the misrepresentation was the individual or entity

damaged as a proximate cause of reasonable reliance upon the misrepresentation." *Joyce*, *supra* at 167. Thus, the court did not err in dismissing this claim.

Next, Appellants allege that they have stated a cause of action for tortious interference with an inheritance because of "numerous facts concerning the actions of [Appellees] following Iva's execution of her last will and codicil by which it can be reasonably inferred that, but for [Appellees'] wrongful and tortious conduct Iva would have included Howard and Geraldine as beneficiaries on an equal basis with her other children." (Appellants' Brief, at 43). Appellants are barred by the doctrine of *res judicata* from pursuing this claim.

> The fundamental principle upon which [*res judicata*] is based is that a court judgment should be conclusive as between the parties and their privies in respect to every fact which could properly have been considered in reaching the determination and in respect to all points of law relating directly to the cause of action and affecting the subject matter before the court. The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.

*Chada v. Chada*, 756 A.2d 39, 43-44 (Pa. Super. 2000) (citation and emphasis omitted).

> A judgment upon the merits bars a subsequent suit upon the same cause, though brought in a different form of action, and a party therefore cannot, by varying the form of action or adopting a different method of presenting his case, escape the operation of the principle that one and the same cause of action shall not be twice litigated.

*Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 682 (Pa. Super. 1995), *appeal denied*, 663 A.2d 684 (Pa. 1995) (citation omitted).

Here, the "the ultimate and controlling issues," that is, the validity of Iva K. Mummau's will in the face of Appellants' claims of undue influence and fraud, have been thoroughly litigated in Orphans' Court proceedings in which Appellants availed themselves of the opportunity to appear and assert their rights. (*See In re Estate of Iva K. Mummau*, No. 1382 MDA 2013 (Pa. Super. filed May 12, 2014)). Furthermore, a panel of this Court affirmed the Orphans' Court's enforcement of a settlement agreement between, *inter alia*, Appellants and the other Mummau children, which agreed that the family farm at issue here was not part of Iva K. Mummau's estate and provided, in relevant part:

> WHEREAS, all the parties to this Agreement believe it will be in the best interest of all parties hereto that all of the claims and causes of action, either actual or potential, between and among the parties to this Agreement be forever settled and resolved.
>
> *        *        *
>
> 8.     O. Howard Mummau and Geraldine M. Zimmerman shall execute a joint tortfeasor release in the civil action filed by O. Howard Mummau and Geraldine M. Zimmerman to No. CI-06-04412 and currently pending in Lancaster County releasing Clair S. Mummau, Laurence N. Mummau, Bernice Tamkin, Galen Spickler, Kevin Mummau, Stacy Mummau and Clair S. Mummau and Laurence N. Mummau in their capacity as personal representatives of the Estate of Owen E. Mummau, Laurence N. Mummau in his capacity as personal representative of the Estate of Iva K. Mummau, and Clair S. Mummau in his capacity as attorney-in-fact for Iva K. Mummau.
>
> 9.     Each and every party to this Agreement, on behalf of himself or herself and his or her heirs, executors and assigns do

forever release, acquit, discharge and hold harmless each other individually and collectively for any and all actions, causes of action, claims, demands, damages, costs, losses, expenses and compensation, on account of or in any way growing out of any and all known or unknown claims, either actual or potential, between and among each other which have arisen or may have occurred at any time heretofore. . . .

(**Id.** at *3, Exhibit A, at 2 ¶¶ 8, 9; **see also id.** at Exhibit A, at 2 ¶ 10).

Thus, Appellants had a full and fair opportunity to litigate their claims related to the validity of Iva K. Mummau's will, and have even executed a joint tortfeasor release of the relevant parties. **See Chada**, **supra** at 43-44. Therefore, we will not permit this issue to be twice-litigated, and conclude that it is barred by the doctrine of *res judicata*. **See Dempsey**, **supra** at 682. Appellants cannot state a claim for tortious interference with an inheritance.[3]

Next, Appellants claim that they have "properly averred claims as [t]hird [p]arty [b]eneficiaries against [Appellees] Mohler and Clymer &

_____

[3] Moreover, we observe that the thrust of Appellants' claim, that Appellees persuaded Iva K. Mummau to transfer the farm to Clair Mummau at a diminished price, does not state a claim for tortious interference with an inheritance. "[O]ur law does not provide grounds for recovery on the basis of *inter vivos* transfers alleged to diminish an eventual bequest. Rather, we have limited the parameters of potential . . . claims to instances involving demonstrable interference with the testamentary scheme the decedent had sought to create by making changes in an existing will." **Estate of Hollywood v. First Nat'l Bank of Palmerton**, 859 A.2d 472, 477 (Pa. Super. 2004), *appeal denied*, 876 A.2d 396 (Pa. 2005) (citation omitted). Appellants have not asserted that Appellees prevented Iva from changing her will in favor of Appellants. Therefore, even if Appellants had not released Appellees from tortfeasor liability, their claim would not merit recovery on the basis of Iva's *inter vivos* transfer to Clair.

Musser, P.C." (Appellants' Brief, at 44). Specifically, they argue that they have standing because, "should their claims for tortious interference prevail, they would have standing to make claims as third party beneficiaries, because, but for the interference, they would be beneficiaries." (*Id.* at 45). As previously discussed, Appellants failed to state a claim for tortious interference.

Furthermore, their claim is barred by the doctrine of *res judicata*, in that they have already been given the opportunity to be heard on their claims against the perpetuation of Iva K. Mummau's will. **See Chada**, **supra** at 43-44; (**see also In re Estate of Iva K. Mummau**, No. 1382 MDA 2013 (Pa. Super. filed May 12, 2014)). Thus, this claim would not merit relief.

Finally, Appellants claim that they "averred facts which support a cause of action for Intentional Infliction of Emotional Distress." (Appellants' Brief, at 47). We disagree.

> There remains some question as to whether the courts of this Commonwealth recognize a cause of action for intentional infliction of emotional distress. However, our Supreme Court has indicated that in order for a plaintiff to prevail on such a claim, he or she must, at the least, demonstrate intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff.

**Swisher v. Pitz**, 868 A.2d 1228, 1230 (Pa. Super. 2005) (citations omitted). "A plaintiff must also **show** physical injury or harm in order to sustain a cause of action for intentional infliction of emotional distress." **Fewell v. Besner**, 664 A.2d 577, 582 (Pa. Super. 1995) (emphasis added;

citation omitted). "It is basic to tort law that an injury is an element to be proven." ***Kazatsky v. King David Memorial Park***, 527 A.2d 988, 995 (Pa. 1987) (stating that claim for intentional infliction of emotional distress includes "requirement of some objective proof" of physical injury or harm).

On review, Appellants' complaint fails to aver what "resulting physical harm" they suffered due to Appellees' allegedly outrageous conduct. ***See id.*** They claim, in pertinent part:

> 301. [Appellees'] conduct has been the direct and proximate cause of [Appellants'] severe emotional distress in the form of fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, depression.
>
> 302. [Appellees'] conduct has been the direct and proximate cause of [Appellants'] physical illness requiring the services of health care and medical professionals.

(First Amended Complaint, 1/26/07, at 8 ¶¶ 301-02). Appellants fail to aver with any greater specificity what "physical illness requiring the services of health care and medical professionals" they suffered. (***Id.*** at 8 ¶ 302). Thus, they failed to aver sufficient facts to state a claim for intentional infliction of emotional distress. ***See Kazatsky***, ***supra*** at 995; ***Fewell***, ***supra*** at 582. The court did not err in dismissing this claim. ***See Burgoyne***, ***supra*** at 679-80. Accordingly, Appellants' entire first issue lacks merit.

In their second issue, Appellants claim that "the trial court's rulings were arbitrary and capricious, an abuse of discretion and in violation of the Judicial Code of Conduct." (Appellants' Brief, at 51). Specifically, they

argue that they "should have been granted an extension of time to file their complaint pending the outcome of the Orphans' Court Estate of Iva K. Mummau proceeding." (*Id.* at 51). They also assert that "ordering [the October 17, 2008 joint settlement] conference was in error." (*Id.* at 52). Finally, they allege that the court should have disqualified itself for "violation of various canons of the Judicial Code of Conduct, effective July 1, 2014, and the duties of judges under the Pennsylvania Constitution Article V, Section 17(b)." (*Id.* at 54; *see also id.* at 53).[4] These issues are waived.

First, Appellants' brief engages in a self-serving and speculative history of this case, projecting their own "likely rationale[s]" as to what they believe the court really intended, without citation to the record. (Appellants' Brief, at 56; *see also id.* at 51-56). They cite only to general case law and canons of the Pennsylvania Code of Judicial Conduct to assert that the court should have "disqualif[ied] [it]self in a proceeding where [its] impartiality may be reasonably questioned."[5] (*Id.* at 53); *see also Lakatosh*, *supra* at

_____

[4] Appellants also raise a second sub-issue that they "should have been permitted discovery necessary to better prepare complaint" [sic], but utterly fail to develop this assertion with citations to the record or relevant authority, thus waiving our review of this claim. (Appellants' Brief, at 57); *see also* Pa.R.A.P. 2119(a)-(b); *Estate of Lakatosh*, 656 A.2d 1378, 1381 (Pa. Super. 1995).

[5] Appellants later repeat this assertion, claiming that, pursuant to *Commonwealth v. Druce*, 848 A.2d 104, 108 (Pa. 2004), "[a] violation of the Judicial Code of Conduct . . . combined with evidence of bias or prejudice does require recusal." (Appellants' Brief, at 56-57). *Druce* is inapposite, because it held that a judge's comments to the media prior to sentencing in
*(Footnote Continued Next Page)*

1381 ("[W]e need not reach the merits of [an appellant's issues where the] argument section pertaining to these issues consists of general statements unsupported by any citation of authority. The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities.") (citation omitted). Thus, they have waived these claims. **See Lakatosh**, **supra** at 1381.

The only argument which we can discern to address is Appellants' claim that the court erred in "assert[ing] that [Appellants] could not seek review of interlocutory orders" in its Rule 1925(a) opinion. (Appellants' Brief, at 55). Specifically, in the court's opinion of April 2, 2014, the court stated that four of its prior orders were interlocutory and suggested that the appeal deadlines fell thirty days after their respective entries. (**See** Trial Court Opinion, 4/02/14, at unnumbered page 2). We agree with Appellants' assertion that these orders were interlocutory and not appealable until a final order was entered, but nevertheless determine that Appellants are entitled to no relief on this claim.

_____

*(Footnote Continued)* ————————————————

a criminal case did not violate judicial canons or codes of conduct, and does not in fact state the "rule" purported by Appellants. Moreover, Appellants fail to indicate that they ever properly filed a petition to recuse, and thus, have waived this claim on this ground as well. **See Coulter v. Ramsden**, 2014 Pa. Super. Lexis 1192, at *21 (Pa. Super. 2014) ("It is well-settled that a party seeking recusal or disqualification must raise the objection at the earliest possible moment[.]") (citation and emphasis omitted).

It is well-settled that an appeal may be taken as of right from any final order of a lower court. **See** Pa.R.A.P. 341. Rule 341(b) provides that a "final order" is any order that: (1) disposes of all claims and of all parties; (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to Pa.R.A.P. 341(c). **Id.**

By the court's admission, the orders at issue were interlocutory, (**see** Trial Court Opinion, 4/02/14, at unnumbered page 2), and based on our review of the record, none of the court's four orders disposed of all claims, all parties, or were entered as final orders pursuant to Rule 341(c): the November 29, 2006 order required Appellants to file a complaint within twenty days; the June 25, 2008 order did not did not dispose of Appellants' intentional infliction of emotional distress claim; the October 2, 2008 order was a scheduling order and did not dispose of any claims or issues; and the November 4, 2009 order denied Appellants' motion to dismiss all defendants except Jeffery D. Mohler and Clymer & Mussler, and therefore did not dispose of the parties or claims. Thus, the orders were interlocutory and unappealable until the court entered the final order of December 30, 2013, from which Appellants properly appealed.

Nonetheless, "we may affirm the decision of the trial court on any valid basis appearing of record." **Louis Dreyfus Commodities Suisse SA v. Fin. Software Sys., Inc.**, 2014 Pa. Super. Lexis 2319, at *6 (Pa. Super. 2014) (citation omitted). As previously discussed, Appellants' claims for relief based on the substance of those prior orders lack merit or have been

- 21 -

waived on other grounds. Thus, we may affirm the trial court's orders on that basis, despite its incorrect assertion that Appellants' appeals were untimely. The arguments raised in Appellants' second issue do not merit relief.

In their third issue, Appellants object that "[t]he trial court's dismissal of [the] First and Second Amended Complaints provide[s] scant analysis" and argue that they "should be permitted to proceed with civil claims in this matter solely with respect to [Appellees] Jeffrey D. Mohler and Clymer & Musser, P.C." (Appellants' Brief, at 57-58). We disagree.

First, Appellants fail to develop or cite any authority for their contention that the trial court was obligated to "explain[] its legal reasoning for sustaining preliminary objections." (*Id.* at 57). Thus, this contention is waived. *See Lakatosh*, *supra* at 1381.

Second, Appellants argue that, pending a disposition in the Orphans' Court, they should be permitted to pursue their claims against Appellees Jeffrey D. Mohler and Clymer & Musser, P.C. (*See* Appellants' Brief, at 58-59). This claim is also waived for failure to cite to any relevant or persuasive authority. *See Lakatosh*, *supra* at 1381. Moreover, as previously discussed, in light of the Orphans' Court decision at *In re Estate of Iva K. Mummau*, No. 1382 MDA 2013 (Pa. Super. filed May 12, 2014), Appellants' third-party beneficiary claims against Appellees are barred by *res judicata* and their settlement agreement. Accordingly, Appellants' third issue does not merit relief.

Order affirmed.

Donohue, J., joins the memorandum.

Jenkins, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2014